UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EL TAHRA IBRAHIM | CIVIL ACTION |
| VERSUS | NO: 08-4133 |
| TIMES FLY, INC., ET AL | SECTION: "S" (5) |

## ORDER AND REASONS

The motion to remand (Doc. #5) by plaintiff El Tahra Ibrahim is **GRANTED.**

### BACKGROUND

This matter was removed to this court by defendant Times Fly, Inc., which claims that this court has jurisdiction based on diversity of citizenship.

Plaintiff's petition for damages and supplemental petition for damages allege that on June 29, 2007, she was injured while performing a dance production of D'Project at the Contemporary Arts Center ("CAC"). Plaintiff named as defendants D'Project, Inc., Times Fly, Inc., Zurich Insurance Company, the CAC, John Stockwell, Johnathan Smith and Edy Villalta. Plaintiff alleges that Times Fly is domiciled in Mississippi and authorized to do business in Louisiana; that D'Project and the CAC are Louisiana corporations; and that Stockwell, Smith and Villalta are employees of the CAC and residents of Louisiana.

Defendant Times Fly asserts that Times Fly, Stockwell, Smith and Villalta are not residents of Louisiana and are residents of Mississippi, and that they are not employees of the CAC. In its notice of removal, Times Fly contends that the CAC is improperly joined for purposes of defeating diversity, and that the CAC only provided the venue for the production, but had no participation in the direction, organization or execution of the performance when plaintiff was injured.[1]

Plaintiff argues that the CAC is properly joined, and assumed a duty to plaintiff to ensure that groups performing on its premises carried insurance for the artists. Further, plaintiff alleges in her petition and supplemental petition that all defendants failed to ensure the safety of the performers, among other things.[2]

## ANALYSIS

**1. Legal Standard**

Motions to remand to state court are governed by 28 U.S.C. 1447(c), which provides that "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper.[3]

In assessing whether removal is appropriate, the court is guided by the principle, grounded

---

[1] Defendant also contends that D'Project was not a Louisiana Corporation until after plaintiff was injured. Because the court finds that the CAC was not improperly joined, the court need not address this issue.

[2] Plaintiff also urges that the notice of removal was not proper because it was filed more than 30 days after service and because all served defendants did not join in the removal petition. Because the court finds that the CAC was not improperly joined, these issues need not be addressed.

[3] *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir.), *cert. denied*, 510 U.S. 868 (1993).

in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed.[4] Doubts regarding whether federal jurisdiction is proper should be resolved against federal jurisdiction.[5]

Improper joinder may be established in two ways: 1) actual fraud in the pleading of jurisdictional facts, or 2) inability of the plaintiff to establish a cause of action against non-diverse party in state court.[6] The test to determine whether the plaintiff is able to establish a cause of action against the non-diverse party is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[7] A court may predict whether the plaintiff has a reasonable basis of recovery under state law by conducting "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."[8] "It is well-settled that a complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

---

[4] *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[5] *Acuna v. Brown & Root*, 200 F.3d 335, 339 (5th Cir. 2000).

[6] *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 573 (5th Cir. 2004))(*en banc*) (*citing Travis v. Irby,* 326 F.3d 644, 646-47 (5th Cir. 2003)).

[7] *Id.*

[8] *Id.*

would entitle him to relief.[9]  "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder."[10]

**2. Motion to Remand**

Defendant has provided no argument in his opposition to support his contention that the CAC was improperly joined.  The only mention of CAC being improperly joined is in the notice of removal.

The court finds no actual fraud in the pleading of jurisdictional facts.  Further, the court does not find an inability of the plaintiff to establish a cause of action against non-diverse party in state court.[11]  Plaintiff's petition and supplemental petition sets forth the basis of her complaint against the CAC.  Plaintiff was injured on the CAC's premises and alleges that the CAC is responsible, along with the other defendants.  The defendant has not demonstrated that plaintiff has no possibility of recovery against the CAC.[12]

Because defendant has not met its burden of proving the improper joinder of the in-state defendant, CAC, this court lacks diversity jurisdiction.  Accordingly, the motion to remand is **GRANTED.**

---

[9] *Laroquette v. Cardinal Health 200, Inc.*, 2006 WL 2807024 (5th Cir. 2006)(*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

[10] *Id.*

[11] *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 573 (5th Cir. 2004))(*en banc*) (*citing Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)).

[12] *Id.*

New Orleans, Louisiana, this __6th__ day of November, 2008.

    _____
    **MARY ANN VIAL LEMMON
    UNITED STATES DISTRICT JUDGE**